**The People of the State of Illinois, Plaintiff-Appellee, v. Harry E. Belville, Defendant-Appellant.**

**Gen. No. 67–102.**

Third District.

April 26, 1968.

William J. Bunch, of Chicago, for appellant.

Bernard Oltman, State's Attorney of Tazewell County, of Pekin, for appellee.

STOUDER, J.

Defendant, Harry E. Belville, under indictment for murder, pleaded guilty to a charge of involuntary manslaughter. The guilty plea was accepted by the Circuit Court of Tazewell County on November 1, 1962, defend-

ant was found guilty by the court and sentenced to a term of from ten to twenty years in the state penitentiary.

At this hearing defendant was represented by private counsel, the consequences of his plea of guilty were explained by the court and he was asked whether he wished to persist in his plea and whether he was satisfied with his counsel. Defendant indicated that he did wish to persist in his plea and that he thought the services of his attorney had been satisfactory.

On August 13, 1964, defendant filed a pro se petition for a writ of error coram nobis in which he asked for counsel to assist him and in which he represented that any statements made by him at his hearing were made on advice of counsel whom he now says was not acting in his interest, that he was induced to enter his guilty plea on advice of counsel and the promise of the latter that his confinement in jail would not exceed three and one-half years and that defendant was in fact incompetent to enter a plea of guilty at the time of the hearing and that the facts pertaining to his incompetence were known to his attorney but not presented to the court. This petition was poorly written, contained many misspelled words and its meaning or purport was difficult to ascertain. The public defender of Tazewell County was appointed to represent defendant with respect to this petition.

On September 10, 1964, the People moved to dismiss defendant's petition on the grounds that the writ of coram nobis has been abolished, that even if such writ had not been abolished defendant did not allege facts sufficient to warrant such writ, that if the petition be taken as a petition for a post-conviction hearing it did not set forth any substantial denial of Constitutional rights, and finally that the Circuit Court lacked jurisdiction to consider the matter of defendant's mental condition.

At the hearing on the motion to dismiss, the public defender stated that he had read the petition, had conferred with defendant's trial counsel and believed the

petition to be defective in form and in substance and that these defects could not be cured by amendment. He further stated that from an examination of the record of the trial, he could find nothing which would warrant resisting the motion of the People. The Court then dismissed the petition from which action the defendant appealed to the Supreme Court of Illinois. The Supreme Court appointed new counsel to represent defendant but later transferred the appeal to this court.

We believe that post-conviction proceedings under either section 72, chapter 110, Ill Rev Stats 1967 or section 122, chapter 38, Ill Rev Stats 1967, are an integral part of the review procedure. Even though such proceedings are commenced in the trial court the right of an indigent defendant to representation by counsel is the same as in other cases where review of a conviction is sought.

At the outset we are constrained to say that we are bound by the decision of the Supreme Court in Anders v. California, 386 US 738, even though we may not agree with that decision in all particulars. For the purpose of this decision, suffice it to say that court appointed counsel must do somewhat more in the way of representing a defendant in a case of this kind than the public defender did here. In the instant case defendant, by his petition, complained of the duplicity of his trial counsel, in effect conceded that the record would show no error because he acceded to the advice of trial counsel which he did not realize at the time to be not in his best interest, intimates that he was incompetent to understand the nature of this advice and admits that he does not know how to properly submit this to the court. For counsel, under these circumstances, to agree that defendant did not know how to present his petition and to bolster this agreement by reference to the very things of which defendant complains, is, to say the least, of no great assistance to defendant.

The minimum effort to be made in a case of this type would require that counsel communicate in some way with defendant in an attempt to ascertain the existence of any facts upon which relief could be based and whether these facts could be presented to the court in any form. Under the circumstances revealed by the record we do not believe it can be said that in fact defendant was represented by counsel in connection with his post-conviction petition.

Defendant also argues in this appeal that his petition was sufficient to require a hearing thereon. However, it may be concluded from the foregoing that the state of the record is inadequate to enable us to properly consider the question and accordingly we make no decision concerning such sufficiency.

For the foregoing reasons the judgment of the Circuit Court of Tazewell County striking the petition is reversed and the cause is remanded for further proceedings consistent with the views herein expressed. The appointment of the attorney appearing for defendant in this proceeding is continued for the purpose of representing defendant in such further proceedings as may be appropriate.

Judgment reversed and remanded with directions.

ALLOY, P. J. and SCHEINEMAN, J., concur.